NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERNON N. RAMSEY,<br><br>Plaintiff,<br><br>v.<br><br>WASTE MANAGEMENT OF NEW JERSEY and ED BUDREWIZ<br><br>Defendants. | Civil Action No. 24-9401 (RK) (JBD)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** is before the Court by way of Defendant Waste Management of New Jersey's ("Waste Management") Motion to Dismiss (ECF No. 6 (the "Motion")) following its Notice of Removal to this Court (ECF No. 1 (the "Notice")). Neither Plaintiff Vernon N. Ramsey ("Plaintiff") nor Defendant Ed Budrewiz ("Budrewiz") has responded to Waste Management's Motion nor its Notice. Because the Court cannot presently ascertain whether complete diversity in this case exists—and therefore whether removal is proper—the Court directs the parties to show cause within twenty (20) days of this Memorandum Order as to why complete diversity in this case exists and why the case should not be remanded for lack of subject matter jurisdiction. The Court therefore administratively terminates without prejudice Waste Management's Motion pending the resolution of this briefing. (*See* ECF No. 6.) The Motion will be reopened should the issue of subject matter jurisdiction be resolved.

On July 25, 2024, Plaintiff, proceeding *pro se*, filed the present action via a form Complaint in New Jersey Superior Court against Waste Management, his employer, and Budrewiz, his

"instructor" at Waste Management (together "Defendants").[1] (*See* ECF No. 1-2 ("Compl.") at 1.) Plaintiff alleged that Budrewiz harassed Plaintiff and singled him out at work, ultimately causing Plaintiff "psychological harm" and creating an "unsafe work environment." (*Id.*) Although the precise cause of action Plaintiff sought to allege is unclear, Plaintiff indicated in a form "Civil Case Information Statement" attached to his Complaint that the "case types" involved in his lawsuit were "Civil Rights "Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD))," "Condemnation," "Professional Malpractice," and "Defamation." (*Id.* at 6.)

On September 24, 2024, Waste Management removed the case to this Court, pursuant to 28 U.S.C. § 1441(a). (*See* Notice.) Because removal is only proper if this Court can exercise subject matter jurisdiction over the parties and claims, *see* 28 U.S.C. § 1441(a), Waste Management attempts to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332.

For the purposes of diversity jurisdiction, "[a] natural person is deemed to be a citizen of the state where he is domiciled." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)).[2] Upon its review of the record, the Court

---

[1] Waste Management notes that Plaintiff misspelled "Budrewicz" as "Budrewiz" in his Complaint (ECF No. 1 at 1); however, in order to maintain consistency with this case's caption, the Court will retain Plaintiff's spelling of "Budrewiz" throughout this Memorandum Order.

[2] As explained by the Third Circuit:

> A party's citizenship for purposes of subject matter jurisdiction is synonymous with domicile. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). Domicile is an individual's "true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Id.* (citing *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). Therefore, . . . domicile is established by a party's physical presence in a state with an intent to remain there indefinitely. See *Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995).

*Frett-Smith v. Vanterpool*, 511 F.3d 396, 400–01 (3d Cir. 2008).

finds *sua sponte* that diversity jurisdiction has been insufficiently pled in Waste Management's Notice of Removal. Although the lack of subject matter jurisdiction has not been raised by Plaintiff, the Court is bound to review the basis of its own subject matter jurisdiction, and the Court may raise the issue of a lack of subject matter jurisdiction at any time. *Perry v. Gonzales*, 472 F. Supp. 2d 623, 626 (D.N.J. 2007) (stating that the "lack of subject matter jurisdiction may be raised by the Court *sua sponte* at any time" (internal citations omitted)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (emphasis added)). Addressing subject matter jurisdiction at this juncture is appropriate in light of the fact that there has been no decision yet rendered in this case. And indeed, since a judgment entered by a court that lacks subject matter jurisdiction is void, the Court now evaluates this jurisdictional basis. *See Armstrong v. Burdette Tomlin Mem'l Hosp.*, No. 00-3441, 2006 WL 1891759, at *4 (D.N.J. July 7, 2006) (collecting cases regarding the voiding of a judgment where subject matter jurisdiction did not exist).

In removing this case to federal court on the basis of diversity jurisdiction, Waste Management argues that Plaintiff is a resident of New Jersey, (*see* Notice ¶ 8), and Waste Management is a citizen of both Delaware, where the company is incorporated, and Texas, the company's "principal place of business." (Notice ¶ 9); *see* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business"). These two parties—Plaintiff and Waste Management—are clearly diverse from one another.

However, Plaintiff's allegation that Budrewiz resides in Trenton, New Jersey, (*see* Compl. at 1), introduces a jurisdictional obstacle that this Court cannot yet overcome: Plaintiff and Budrewiz are allegedly citizens of the same state. Waste Management urges this Court to

3

"disregard" Budrewiz's New Jersey citizenship because he was "fraudulently joined" to the case. (Notice at ¶¶ 14–22.) In support of this assertion, Waste Management argues that Budrewiz is not Plaintiff's supervisor, (*id.* ¶ 20), and non-supervisory employees are not subject to any individual liability under the New Jersey Law Against Discrimination (NJLAD) (*id.* ¶ 18). Therefore, Budrewiz is not a proper defendant in this case and must be found to have been fraudulently joined. (*id.* ¶ 22).

The Court finds that Waste Management has not met its "heavy burden of persuasion" to establish fraudulent joinder based on its arguments in its Notice of Removal. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). *First*, Waste Management's conclusory allegation that Budrewiz "has no supervisory authority over [Plaintiff]," (Notice ¶ 20), is directly at odds with the Complaint's recitation that Budrewiz was Plaintiff's "instructor" at work. (Compl. at 1.) In its fraudulent joinder analysis, this Court "must accept as true all factual allegations of the Complaint."[3] *Goodinson v. Johnson & Johnson*, No. 22-1320, 2022 WL 17324336, at *4 (D.N.J. Nov. 30, 2022). Here, then, the Court must accept as true that Budrewiz was Plaintiff's "instructor."

*Second*, even if it turns out that Plaintiff does not ultimately prevail as against Budrewiz, Waste Management has not explained why this joinder is sufficiently "fraudulent" as to require the Court to disregard his citizenship for jurisdictional purposes. *See Cox v. Johnson & Johnson*, No. 20-6779, 2021 WL 4490456, at *2 (D.N.J. Oct. 1, 2021) ("It is possible that a party is not

---

[3] Waste Management explains that the Court may consider "reliable evidence" outside of the Complaint, but provides no such evidence for the Court to consider. (ECF No. 1 ¶ 16.) Reliable evidence includes "recording from prior proceedings" or other matters "properly subject to judicial notice" or "affidavits." *Goodinson*, 2022 WL 17324336, at *4 (citing *In re Briscoe*, 448 F.3d 201, 220 (3d Cir. 2006)). Waste Management's only provides the Court with a sole conclusory statement that "Mr. Budrewicz has no supervisory authority over Mr. Ramsey." (Notice ¶ 20).

fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted."). A joinder is only fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a judgment." *Boyer*, 913 F.2d at 111. There is no indication that Plaintiff named Budrewiz—who Plaintiff alleges harassed him and retaliated against him—without any "intention in good faith to prosecute the action" against him. *Id.* Further, because Plaintiff is a *pro se* litigant, the Court is even more reticent to conclude that he joined Budrewiz in order to defeat diversity and keep this matter out of federal court.

Accordingly, the parties are ordered to show cause within twenty (20) days of this Memorandum Order as to why the Complaint should not be remanded to the Superior Court of New Jersey for lack of subject matter jurisdiction on the basis of lack of complete diversity. Defendant's motion to dismiss, (ECF No. 6), is administratively terminated and shall be reopened if complete diversity is sufficiently shown.

**IT IS** on this 9th of December, 2024, **ORDERED** that:

1. The parties are ordered to show cause within twenty (20) days of this Memorandum Order as to why complete diversity exists and the Court's subject matter jurisdiction in this matter is appropriate; and

2. The Clerk of the Court shall administratively terminate the Motion to Dismiss, (ECF No. 6), without prejudice to the ability to reopen this Motion pending the resolution of the jurisdictional questions outlined herein.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**