NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VERNON N. RAMSEY,

Plaintiff,

v.

WASTE MANAGEMENT OF NEW JERSEY and ED BUDREWIZ,

Defendants.

Civil Action No. 24-9401 (RK) (JBD)

**MEMORANDUM ORDER**

**THIS MATTER** comes before the Court upon review of Defendant Waste Management of New Jersey's ("Waste Management") Response (ECF No. 10 ("Response")) to the Court's Order to Show Cause "as to why the Complaint should not be remanded to the Superior Court of New Jersey for lack of subject matter jurisdiction" (ECF No. 9 (the "OSC") at 1). The Court issued its OSC following Waste Management's Notice of Removal to this Court (ECF No. 1 (the "Notice")). Defendant Ed Budrewicz[1] ("Budrewicz") has not made an appearance in this Action to date. Plaintiff Vernon N. Ramsey's ("Ramsey") only participation to date is the filing of an application to proceed *in forma pauperis* (ECF No. 7), which was denied as moot given this action's removal posture. (ECF No. 8). For the foregoing reasons, the Court determines that it cannot exercise subject matter jurisdiction over the present case due to lack of complete diversity, and the case is **REMANDED**.

**I. BACKGROUND**

The Court reiterates the factual and procedural background as set forth in the OSC. (*See*

---

[1] Waste Management notes that Plaintiff misspelled "Budrewicz" as "Budrewiz" in his Complaint (ECF No. 1 at 1); therefore, while the case's caption will maintain the misspelling, the Court will insert the proper spelling of "Budrewicz" throughout this Memorandum Order.

ECF No. 9.) On July 25, 2024, Ramsey, proceeding *pro se*, filed the present action via a form Complaint in New Jersey Superior Court against Waste Management, his employer, and Budrewicz, his "instructor" at Waste Management. (*See* ECF No. 1-2 ("Compl.") at 1.) Ramsey alleges the following, reproduced in full:

> Instructor Ed Budrewicz conducted himself in a matter that revealed discrimination, ethical violations, forgery, and potential for unsafe work environment. Budrewicz harassed the plaintiff by singling out and saying "you can do push-ups in the back of the room until your heart stops." Budrewicz referred to a woman as a bitch, used racial slurs like "Monkey Fire Drill," Cheap Chinese Plastic, and revealed info about his firearm permit.

(*Id.* (alterations to correct Defendant's name omitted).) In response to the form question that prompted Ramsey to describe "the harm that occurred as a result of defendant's acts," Ramsey listed "Psychological Harm/Anxiety/Emotional distress[,] Fear of Safety because firearm info revealed[,] Fear of Defendant's Affiliations[,] Unsafe work environment[, and] Distrust in Leadership." (*Id.*) Although the precise cause(s) of action Ramsey sought to allege are unclear, he indicated in a form "Civil Case Information Statement" attached to his Complaint that the "case types" involved in his lawsuit were "Civil Rights "Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD))," "Condemnation," "Professional Malpractice," and "Defamation." (*Id.* at 6.)

On September 24, 2024, Waste Management removed the case to this Court, pursuant to 28 U.S.C. § 1441(a). (*See* Notice.) Because removal is only proper if this Court can exercise subject matter jurisdiction over the parties and claims, *see* 28 U.S.C. § 1441(a), Waste Management attempts to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332. As the Court explained in its prior OSC, the Court could not exercise diversity jurisdiction because the parties are not plainly diverse: both Ramsey and Budrewicz are citizens of New Jersey. (Compl. at 1; OSC at 3.) In both its Notice and Response, Waste Management argues that Budrewicz was

2

fraudulently joined to this action and his citizenship should therefore not be considered by the Court in assessing whether complete diversity exists. (*See* Notice at 3–5; Response at 4.)

## II. DISCUSSION

Only a case over which a federal court can exercise subject matter jurisdiction can be removed. 28 U.S.C. § 1441(a). "A party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.3d 1006, 1010 (3d Cir. 1987). In diversity cases, the court can only exercise subject matter jurisdiction over cases where the amount in controversy exceeds $75,000 and the parties are "citizens of different states." 28 U.S.C. § 1332(a). For the purposes of diversity jurisdiction, "[a] natural person is deemed to be a citizen of the state where he is domiciled." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)).[2] A district court must remand a case if it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remand.").

At first blush, the parties in the present action are evidently not diverse. Ramsey and

---

[2] As explained by the Third Circuit:

> A party's citizenship for purposes of subject matter jurisdiction is synonymous with domicile. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). Domicile is an individual's "true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Id.* (citing *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). Therefore, . . . domicile is established by a party's physical presence in a state with an intent to remain there indefinitely. See *Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995).

*Frett-Smith v. Vanterpool*, 511 F.3d 396, 400–01 (3d Cir. 2008).

3

Budrewicz are both citizens of New Jersey. (Compl. at 1.) Waste Management does not dispute the citizenship of either Ramsey or Budrewicz but asserts instead that this Court should disregard Budrewicz's citizenship because he has been "fraudulently joined" to this action. (*See* Notice ¶¶ 14–24; Response at 4.) "In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *In re Briscoe*, 488 F.3d 201, 216 (3d Cir. 2006). A joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer*, 913 F.2d at 111.

In arguing that Budrewicz was fraudulently joined to this case, Waste Management assumes that Ramsey only intends to bring an aiding and abetting claim under the New Jersey Law Against Discrimination ("NJLAD"). (*See* Response at 1 ("Though unclear, WM interprets the claim to be an aiding and abetting claim.").) Relying on this theory alone, Waste Management asserts that there is "no colorable ground" to support this NJLAD claim because NJLAD claims can only be asserted against supervisors and Budrewicz is not a supervisor. (*Id.* at 2–3.) Waste Management also submits an affidavit of Gerrod Norman, Senior Human Resources Manager for Waste Management, attesting that Budrewicz is not in a supervisory position. (ECF No. 10-1 ¶¶ 9–11.)

As Waste Management asserts, the NLJAD "does not impose individual liability upon non-supervisory employees." *Ivan v. County of Middlesex*, 595 F. Supp. 2d 425, 462 (D.N.J. 2009). Since Budrewicz is not a supervisor (*see* ECF No. 10-1 ¶¶ 9–11), it stands to reason that the NJLAD cannot apply to him.

If the NJLAD were the *only* cause of action under which Ramsey sought to bring suit, then the fraudulent joinder analysis might stop here. However, "if there is *even a possibility* that a state court would find that the complaint states a cause of action, . . . the federal court must find that joinder was proper." *Boyer,* 913 F.2d at 111 (emphasis added). To determine whether there might be a possibility of stating a cause of action, the Court looks to the Complaint and resolves all contested issues of substantive fact in favor of the plaintiff. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). The Court construes the Complaint especially broadly because Plaintiff proceeds *pro se*. Here, Ramsey's Complaint plainly attempts to allege multiple causes of action, not just NJLAD. For example, Ramsey even selected as a potential case type "Employment (*other than* . . . [NJLAD])," evidencing that he intended to bring non-NJLAD claims. (Compl. at 5 (emphasis added).) Waste Management has not addressed any of Ramsey's other possible causes of action or statements of harm, many of which could fall outside the confines of the NJLAD. The Court is therefore not satisfied that it is *impossible* that a state court would find that the complaint states a cause of action. *See Pinnacle Choice v. Silverstein*, No. 07-5857, 2008 WL 2003759, at *7 (D.N.J. May 6, 2008) ("It must be impossible for a state court to find that a plaintiff has stated a valid cause of action."), *report and recommendation adopted*, No. 07-5857, 2008 WL 2152228 (D.N.J. May 20, 2008).

Ultimately, Waste Management has not met its "heavy burden of persuasion" to show that Budrewicz was fraudulently joined. *See Boyer*, 913 F.2d at 111. There are too many unresolved questions as to whether Ramsey could state a cause of action under one of his non-NJLAD claims, and Waste Management has failed to address any of these possibilities. Therefore, since no party was fraudulently joined, the parties in this case are not diverse and the Court cannot exercise subject matter jurisdiction. Accordingly, the case is **REMANDED.**

IT IS on this 7th day of January, 2025, ORDERED that:

1. The Clerk of Court is directed to REMAND this matter to the Superior Court of New Jersey, Mercer Vicinage, Civil Division; and

2. The Clerk of the Court is directed to CLOSE this matter.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE